**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RETO ASMIS : CIVIL ACTION
:
v. :
:
PHILADELPHIA TRUCK LINES, INC., *et al.* : NO.  20-6287

<u>**MEMORANDUM OPINION**</u>

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                           April 13, 2021

Plaintiff seeks to recover for property that was damaged and lost because of a highway

accident that occurred during shipping.  In 2018, Plaintiff's mother, who resides in Switzerland,

shipped personal property to Plaintiff in the United States.  The European company she hired

subcontracted the United States portion of the delivery to Defendant, Philadelphia Truck Lines,

Inc. ("PTL").  Plaintiff's amended complaint raises state law claims of negligence, conversion,

unjust enrichment and a violation of the Carmack Amendment, 49 U.S.C § 14706.  Defendants

have moved to dismiss all of Plaintiff's state law claims, on the ground that the Carmack

Amendment preempts them.  This court agrees that Plaintiff's state law claims are preempted by

the Carmack Amendment.

## I.      MOTION TO DISMISS STANDARD

The Third Circuit has clearly set forth Fed. R. Civ. P. 12(b)(6) evaluative criteria:

> For purposes of reviewing a motion to dismiss under Rule 12(b)(6),
> we are "required to accept as true all allegations in the complaint
> and all reasonable inferences that can be drawn from them after
> construing them in the light most favorable to the nonmovant."
> *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d
> Cir. 2014) (quotation marks and citation omitted).  However, we
> disregard legal conclusions and recitals of the elements of a cause
> of action supported by mere conclusory statements. *Santiago v.
> Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (citation
> omitted).  "In deciding a Rule 12(b)(6) motion, a court must

> consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

*Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016).  The court must determine if Plaintiff's claims are facially plausible, *i.e.*, the plaintiff has pleaded sufficient facts to allow the court to draw the reasonable inference that the defendant is liable on the basis alleged.  *Mammana v. Federal Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019) (citations omitted).

## II.      PLAINTIFF'S FACTUAL ALLEGATIONS[1]

In 2018, Plaintiff's mother, who resides in Switzerland, hired a European company to ship personal property, including antique furniture and family heirlooms, to Plaintiff, who resides in the United States.  Some contents were personal items, of sentimental value, such as the wedding movie of Plaintiff's parents, manuscripts and historical books of Plaintiff's father and Plaintiff's father's personal copies of books published by Plaintiff's grandfather.  The European shipping company subcontracted the United States delivery to Defendant PTL.

On November 27, 2018, at approximately 3:30 a.m., Defendant Michael Lamont Phelps ("Phelps") was driving a tractor trailer owned by Defendant PTL on U.S. Route 113 in Worcester County, Maryland.  The tractor trailer contained all the personal property Plaintiff's mother had sent her son from Switzerland.  Phelps lost control of the tractor trailer and drove it off the road onto a wet, grassy shoulder, where it overturned onto its side.  Phelps was cited for this accident, which damaged a guardrail.  Also, Plaintiff's property was damaged in the accident; items that fell out of the tractor trailer were strewn about the highway and surrounding area.  The police closed the highway and instructed Phelps to clear the area of the wreckage, debris and Plaintiff's personal property.

---

[1] All Plaintiff's factual allegations are accepted as true and all reasonable, favorable inferences are drawn on his behalf.

Afterward, Defendants delivered some items, albeit in a damaged condition, to Plaintiff. However, Defendants never provided Plaintiff with an inventory of all the items they had loaded onto the tractor trailer.  Plaintiff has not received many items that his mother had shipped to him, and he fears Defendants may have discarded them.

### III.    ISSUES PRESENTED

Based on the preceding factual allegations, Plaintiff advances count one, sounding in negligence, count two, for conversion, count three, for unjust enrichment and count four, for violation of the Carmack Amendment.  Defendants have moved to dismiss counts one, two and three, on the ground that these state law claims are preempted by the Carmack Amendment.  Defs.' Mem. of Law ("Def. Mem.") at 3-7.  Plaintiff, in response, acknowledges that the Carmack Amendment often preempts state law claims.  Pl.'s Br. in Opposition ("Pl. Br.") at 3.  However, Plaintiff maintains that his claims are different, because not only is he complaining about the Defendants' conduct which caused the accident, but also about their failure to safeguard, document and inventory his property after the accident.  *Id.*  In the alternative, Plaintiff asks that any dismissal of his state law claims be without prejudice, so that, after discovery, he can re-plead those claims, if evidence supports them.  *Id.* at 4.  For the reasons provided below, this court finds that the Carmack Amendment preempts Plaintiff's state-law claims.

### IV.    DISCUSSION

The Carmack Amendment to the Hepburn Act of 1906, codified at 49 U.S.C. § 14706, governs the liability of interstate carriers of goods.  Before the Carmack Amendment was enacted, a ground carrier's liability for goods damaged in transport varied from state to state and was "virtually unlimited."  *Certain Underwriters at Interest at Lloyds of London v. United Parcel Service of America, Inc.*, 762 F.3d 332, 334 (3d Cir. 2014) (citation omitted).  Because of the

variance in state laws and judicial holdings, it was extremely difficult for a shipper to predict its potential liability, as it transported property across state lines. *Id.* (citations omitted). In the Carmack Amendment, Congress comprehensively addressed interstate carrier liability. *Id.* As the Third Circuit has explained:

> The Carmack Amendment struck a compromise between shippers and carriers. In exchange for making carriers strictly liable for damage to or loss of goods, carriers obtained a uniform, nationwide scheme of liability, with damages limited to actual loss—or less if the shipper and carrier could agree to a lower declared value of the shipment.

*Id.* at 335 (citing *N.Y., New Haven, & Hartford R.R. v. Nothnagle,* 346 U.S. 128, 131 (1953)). For shippers, the Carmack Amendment alleviates the need to prove negligence or which carrier was negligent, if multiple carriers transported the goods, by imposing strict liability on interstate carriers. *Certain Underwriters*, 762 F.3d at 335. Interstate carriers no longer need to learn the tort law of several states and their liability is limited to the actual value of the goods shipped; punitive damages are not allowed. *Id*. (citing *Penn. R.R. v. Int'l Coal Mining Co.,* 230 U.S. 184, 200 (1913)).

Since 1913, the Supreme Court has interpreted the Carmack Amendment to completely occupy the field of interstate shipping. *Certain Underwriters*, 762 F.3d at 335 (citing *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913)). State laws are preempted, whether they contradict or supplement Carmack relief. *Id.* (citing *Charleston and W. Carolina Ry. Co. v. Varnville Furniture Co.*, 237 U.S. 597, 604 (1915)). Pursuant to this broad preemption, the federal courts of appeals have routinely dismissed state law claims for breach of contract, negligence, conversion, and loss or injury to the shipment of good. *Id.* (citations omitted).

Plaintiff concedes that state law claims involving loss or injury to shipped property, such as he raises in this case, are ordinarily preempted by the Carmack Amendment. Pl. Br. at 3.

4

Nevertheless, Plaintiff argues that his state law claims should not be preempted, because they rely not on the loss of property due to the accident, but on Defendants' actions after the accident.  *Id.* This argument is untenable.  As the Third Circuit has acknowledged, the U.S. Supreme Court and the court of appeals have uniformly found that all claims for loss or injury to property that result from an interstate carrier's stewardship of the property are governed by the Carmack Amendment. *Certain Underwriters*, 762 F.3d at 335-37.

In the alternative, Plaintiff asks that any dismissal of his state law claims be without prejudice, so that, after discovery, he can re-plead his state law claims, if he finds evidence to support them.  Pl. Br. at 4.  The court will not allow this, since his state law claims are clearly barred by the Carmack Amendment.  However, after discovery, if Plaintiff finds evidence of "true conversion," which requires proving that the carrier intentionally destroyed or stole the property, *see Certain Underwriters*, 762 F.3d at 337 (citing *Am. Cyanamid Co. v. New Penn Motor Express, Inc.*, 979 F.2d 310- 315-16 (3d Cir. 1992)), he will be granted leave to amend his complaint to add a Carmack Amendment claim for "true conversion," not a state law conversion claim.[2]  If he successfully proves "true conversion," Plaintiff can avoid the Carmack Amendment's liability limitations.  *Certain Underwriters*, 972 F.3d at 337.

An implementing Order follows.

---

[2] The U.S. Supreme Court has long held that the Carmack Amendment bars state law conversion claims.  *Am. Ry. Express Co. v. Levee* , 263 U.S. 19, 20 (1923).